**NEW JERSEY BUILDING LABORERS DISTRICT COUNCILS LOCAL 325; LIUNA**

v.

**MOLFETTA INDUSTRIES CO., INC.; Molfetta Construction, Molfetta Industries Co, Inc., Appellant.**

No. 08–3871.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 19, 2009.

Filed: Feb. 8, 2010.

Raymond G. Heineman, Esq., Michael G. McNally, Esq., Kroll Heineman, Iselin, NJ, for Appellee.

Paul I. Weiner, Esq., Morristown, NJ, for Appellant.

Before: RENDELL, BARRY, and CHAGARES, Circuit Judges.

## OPINION OF THE COURT

CHAGARES, Circuit Judge.

Molfetta Industries, Co, Inc. ("Molfetta Industries") and Molfetta Construction ("Molfetta Construction") (collectively "Molfetta") appeal from the District Court's confirmation of an arbitration award in favor of New Jersey Building Laborers District Council and Local 325, Laborers' International Union of North America (collectively the "Union"). We will affirm.

### I.

Because we write solely for the benefit of the parties, we will only briefly summa-

rize the essential facts. On September 2002, Molfetta Construction signed a contract to perform work on a highway construction project in Hoboken, New Jersey known as the Jackson and Observer job site. Appendix ("App.") 131. On December 13, 2002, Michael Nirchio signed a collective bargaining agreement with the Union on behalf of Molfetta Industries (the "CBA"). App. 102. The CBA required Molfetta to give the Union the first opportunity to provide laborers for all of its construction jobs in New Jersey. App. 39–40. The CBA applies to work performed by Molfetta Industries "under its own name," as well as to any work performed

> under the name of another entity (whether a corporation, company, partnership, joint venture, or any other business entity) where [Mofletta Industries], including its owners, stockholders, officers, directors, or partners, exercise either directly or indirectly (such as through family members or company employees) any significant degree of ownership, management or control.

App. 85.[1] On March 5, 2003, Nirchio executed a short form agreement on behalf of Molfetta Construction, agreeing to bind Molfetta Construction "to all the provisions, terms and conditions of" the CBA. App. 103.

Notwithstanding these written contractual provisions, Molfetta argues that the Union, through its representative Lou Mosca, agreed to allow Molfetta to operate as a "double-breasted" company, with Molfettta Industries operating as a union contractor and Molfetta Construction operating as a non-union contractor. App. 132–33.

Molfetta also argues that during a March 2004 meeting, Mosca solicited a bribe from Nirchio in March 2004, offering to "take care of the problem" involving the Union for $5,000. App. 132–33. On February 6, 2008, Mosca was charged in a federal indictment with honest services mail fraud in violation of 18 U.S.C. §§ 1341, 1346 and 2, and embezzlement of union assets in violation of 29 U.S.C. § 501(c) and 18 U.S.C. § 2.App. 206–07. The indictment charges, *inter alia*, that "Louis Mosca agreed to accept and accepted a thing of value … with the intent to be influenced in his decisions" as a Union representative. *Id.*

In September 2007, the Union submitted a request for arbitration with the New Jersey State Board of Mediation, contending that Molfetta had violated the terms of the CBA by failing to employ Union laborers at the Jackson and Observer job site. The arbitrator held a hearing on January 3, 2008 and issued a written decision on April 11, 2008. The arbitrator acknowledged the arguments raised by Molfetta, but concluded that the CBA completely and unambiguously expressed the terms of the parties' agreement. App. 122–24. Since the CBA obligates Molfetta to offer the Union the opportunity to supply laborers for construction jobs in New Jersey and Molfetta used non-union labor for the Jackson and Observer job site, the arbitrator awarded the Union $77,356 in lost wages, along with costs and fees. App. 125. On May 20, 2008, Molfetta requested that the arbitrator re-open the hearing to allow a witness to testify concerning the allegation that Mosca had solicited a bribe, but the arbitrator declined this request.

---

1. The CBA also includes an integration clause, stating that the "relationship of the parties is fully and exclusively set forth by this Agreement and by no other means, oral or written," App. 27, and an arbitration clause, referring disputes regarding the interpretation of the CBA to the New Jersey State Board of Mediation for final and binding arbitration, App. 88.

On June 4, 2008, the Union petitioned the District Court to confirm the arbitration award, and Molfetta moved to vacate the award or remand the case to the arbitrator for further proceedings. The District Court rejected Molfetta's arguments that the arbitrator had committed misconduct and that the arbitration award should be vacated as contrary to public policy. By order dated August 13, 2008, 2008 WL 3833460, the District Court granted the Union's motion to confirm the arbitration award and denied Molfetta's motion to vacate or remand. Molfetta timely appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

■ This court's review of the District Court's decision is plenary, but both courts' review of an arbitration award is "exceedingly narrow." *Eichleay Corp. v. Int'l Ass'n of Bridge, Structural, & Ornamental Iron Workers*, 944 F.2d 1047, 1056 (3d Cir.1991). "The district court may not vacate an arbitration award merely because it would decide the merits differently." *Id.* (citing *Tanoma Mining Co. v. Local Union No. 1269, United Mine Workers of America*, 896 F.2d 745, 747 (3d Cir.1990)). "So long as the arbitration award has some support in the record, and the arbitrator has not manifestly disregarded the law, we will affirm the award." *Id.* (citing *Tanoma*, 896 F.2d at 748–49).

## III.

Molfetta argues that the arbitrator committed misconduct by refusing to reopen the arbitration hearing to permit additional testimony regarding the alleged bribe attempt. *See* Molfetta Br. 13–15 (citing *Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 506 v. E.D. Clapp Corp.*, 551 F.Supp. 570,

577–78 (N.D.N.Y.1982)). Molfetta sought to introduce testimony from another witness to "corroborate Nirchio's testimony" regarding the bribe attempt and "impeach Mosca's credibility regarding his failed recollection of his attempt to bribe Nirchio . . . ." *Id.* 15.

■ A court may vacate a labor arbitration award based on the arbitrator's "misconduct in . . . refusing to hear evidence pertinent and material to the controversy," 9 U.S.C. § 10(a)(3), but the arbitrator's "error must be one that is not simply an error of law, but which so affects the rights of a party that . . . he was deprived of a fair hearing." *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594, 599 (3d Cir.1968).

■ Molfetta does not argue that it was denied the opportunity to present its case at the initial hearing; rather, Molfetta sought to supplement the evidentiary record after the arbitrator had reached his decision. We agree with the District Court that this is not one of the limited circumstances under which an arbitration proceeding must be reopened. *See* App. 10 (citing *Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 332 (3d Cir. 1991)). Molfetta has not established that the arbitrator's decision deprived Molfetta of a fair hearing.

## IV.

Molfetta also argues that the arbitrator's evaluation of the evidence should be rejected as "in violation of public policy." Molfetta Br. 17 (citing *Acands, Inc. v. Travelers Cas. and Sur. Co.*, 435 F.3d 252, 255–60 (3d Cir.2006)). Specifically, Molfetta contends that the arbitrator's failure to "consider the federal indictment as probative of Mosca's credibility . . . is in violation of the [Federal Rules of Evidence] and public policy." *Id.* 18.

■ We have held that "courts may refuse to enforce arbitration awards that

violate well-defined public policy as embodied by federal law." *Acands*, 435 F.3d at 258 (citing *Exxon Shipping Co. v. Exxon Seamen's Union*, 11 F.3d 1189 (3d Cir. 1994)). However, the only basis for Molfetta's argument is the contention that the arbitrator erred by misapplying the "statutorily promulgated Federal Rules of Evidence." Molfetta Br. 17. Of course, the arbitrator was not bound by federal procedural rules, *see, e.g.*, *Rosensweig v. Morgan Stanley & Co., Inc.*, 494 F.3d 1328, 1333 (11th Cir.2007), and Molfetta has not established that enforcing the CBA in this case would violate a "well defined and dominant" public policy. *Exxon Shipping*, 11 F.3d at 1196. We agree with the District Court that none of the issues raised by Molfetta warrants vacating the arbitration award.

## V.

For the foregoing reasons, we will affirm the judgment of the District Court.